IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VITOR DOCAJ,  　　　　　　　　　　Case No. 2:20-cv-10014-NGE-DRG
　　　　　　　　　　　　　　　　　　Hon. Nancy G. Edmunds
　　　Plaintiff,  　　　　　　　　　Mag. David R. Grand

v.

ATLANTIC SPECIALTY INSURANCE
COMPANY ("Atlantic Specialty"),
and ONEBEACON AMERICA
INSURANCE COMPANY,

　　　Defendants.
_____/

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE
DEMONSTRATING JURISDICTIONAL AMOUNT IN
CONTROVERSY

Defendants Atlantic Specialty Insurance Company ("Atlantic Specialty") and Lamorak Insurance Company, incorrectly named and sued as One Beacon America Insurance Company ("OneBeacon America") (collectively "Atlantic") by its attorneys, Collins Einhorn Farrell PC, provide this Response to Order to Show Cause [ECF No. 7] to demonstrate that the jurisdiction amount in controversy is met.

Plaintiff Vitor Docaj ("Docaj") was injured in a motor vehicle accident on July 22, 2016. As a result of the injuries Docaj suffered or alleges to have suffered because of the accident, he seeks benefits for wage loss and medical expenses under the occupational accident policy issued by Atlantic Specialty. As detailed below, the damages Docaj seeks well exceed this Court's $75,000 jurisdictional threshold.

**Medical expenses:** Docaj's complaint alleges that he has incurred "[e]xpenses for medical care, recovery or rehabilitation." [ECF No. 1-2, Complaint, ¶ 8]. No specific damage amount is alleged. But, Atlantic Specialty has received claims for payment of medical services and treatments provided to Docaj totaling $294,533.96. The spreadsheet attached as **Exhibit 1** shows the claims submitted to Atlantic Specialty by Docaj's medical providers. So, despite the fact Atlantic Specialty disputes that Docaj is entitled to coverage under the Atlantic Specialty Policy, the medical expenses he seeks are at least $294,533.96

**Wage loss:** Docaj asserts in his complaint that he has incurred "loss of wages as provided by policy in the amount of $492.69 per week." The Atlantic Specialty Policy provides for "Temporary Total Disability (TTD) Benefits" to be paid for 104 weeks and "Continuous Total Disability (CTD)

Benefits" to be paid for 104 weeks. See **Exhibit 2**, the Schedule of Benefits from the Atlantic Specialty Policy.[1] While Atlantic disputes Docaj's entitlement to TTD and CDT Benefits, the total amount of wage loss at issue is $102,479.52 – $51,239.76 ($492.69 * 104) in TTD and $51,239.76 ($492.69 * 104) in CDT.

## Conclusion

Jurisdiction is proper in this Court because the parties are diverse and the amount in controversy is well over the jurisdictional threshold of $75,000. 28 U.S.C. § 1332(a).

        Respectfully submitted,

        COLLINS EINHORN FARRELL PC

BY:   *s/ Nicole E. Wilinski*
        Nicole E. Wilinski (P61904)
        Shannon L.H. Phillips (P72212)
        *Attorneys for Defendants*
        4000 Town Center, 9th Floor
        Southfield, MI 48075
        (248) 355-4141
        nicole.wilinski@ceflawyers.com
        shannon.phillips@ceflawyers.com

Dated: January 22, 2020

---

[1] A complete copy of the Atlantic Specialty Policy can be found at ECF No. 8-2.

## PROOF OF SERVICE

I hereby certify that on January 22, 2020, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

        COLLINS EINHORN FARRELL PC

BY: *s/ Nicole E. Wilinski*
Nicole E. Wilinski (P61904)
Shannon L.H. Phillips (P72212)
*Attorneys for Defendants*
4000 Town Center, 9th Floor
Southfield, MI  48075
(248) 355-4141
nicole.wilinski@ceflawyers.com
shannon.phillips@ceflawyers.com