IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VITOR DOCAJ,

    Plaintiff,

Vs.

ATLANTIC SPECIALTY INSURANCE COMPANY ("Atlantic Specialty"), and ONEBEACON AMERICA INSURANCE COMPANY,

    Defendants.

Case#2:20-cv-10014-NGE-DRG

Hon: Nancy . Edmunds
Mag. David R. Grand

**COUNTER-DEFENDANT DOCAJ'S MOTION TO DISMISS THE COUNTER-COMPLAINT OF COUNTER-PLAINITFF ATLANTIC FOR FAILURE TO STATE A CLAIM WHICH JUDGMENT CAN BE BROUGHT UNDER FRCP 12 (b)(6)**

_____/

**MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION**

Docaj filed this lawsuit for breach of contract after Atantlic Specialty Insurance Company ("Atlantic") refused to pay wage and medical bills pursuant to a Wayne Circuit Court order determined that Atlantic was "*primary for payment of health and accident benefits*" over the no-fault insurer Great American Insurance Company.

Last year, Counter-Plaintiff Atlantic Specialty Insurance Company and Docaj litigated Atlantic's claim against Docaj to settlement proceeds in the no-fault case, and Atlantic's primary responsibility to pay wage and medical bills, over the no-fault insurance carrier Great American Insurance Company's competing

1

coordination clause.[1] Atlantic filed a claim in Wayne County Circuit Court for the same wage and medical benefits claimed here, and Atlantic's insurance policy is being used here as a basis under the policy language for the claims being asserted in Atlantic's counter-complaint. In fact, Atlantic asserted the very same policy involving the same car accident litigated in Wayne County Circuit Court to final judgment. Despite litigating in Wayne County Circuit Court, Atlantic's countercomplaint conveniently omits any of the material facts and procedural history set forth below.

This Honorable Court should now dismiss Atlantic's countercomplaint based upon the Rooker Feldman Obstention doctrine. Furthermore, Atlantic litigated the contract or could have litigated the contract in the prior action in Wayne County Circuit Court. Atlantic is barred by the prior judgment, both as a matter of claim and issue preclusion. Nothing remains to be litigated now in regard to Atlantic's Counter-Complaint, and the Court should therefore dismiss the counter-complaint with prejudice. Plaintiff filed the lawsuit against Atlantic in this case because Atlantic breached the contract after Judge Smith's ruling, by failing to pay the wage

---

[1] Docaj elected to coordinate the Great American Insurance Company no-fault policy. MCL 500.3109a provides that an individual may coordinate his no-fault insurance policy and health insurance policy at a reduced premium rate. MCL 500.3109a; Farm Bureau Gen Ins Co v Blue Cross Blue Shield of Mich, 314 Mich App 12, 21; 884 NW2d 853 (2015). "The intent of [MCL 500.3109a] is to eliminate duplicative recovery for services and to contain insurance and healthcare costs." Farm Bureau, 314 Mich App at 21.

and medical benefits to Docaj as the primary insurer. Atlantic removed the Docaj's complaint, pending before Wayne County Circuit Court Judge Leslie Kim Smith, based upon diversity of citizenship.

## STATEMENT OF FACTS

**I.     Atlantic made its insurance policy arguments and claims for payment from Docaj in Wayne County Circuit Court**.

On May 11, 2017, Docaj filed a no-fault insurance complaint for mandatory no-fault benefits. **(EXHIBIT 1, REGISTER OF ACTIONS)**.

Atlantic asserted the same policy in Wayne County that Atlantic is asserting in the subject counter-compliant to receive monies paid to Docaj. **(EXHIBIT 2)**.

On July 16, 2019, Docaj filed a motion to strike Atlantic's lien claim and determine Atlantic's claim was trumped by the Great American Insurance Company no-fault insurance coordination clause. **(EXHIBIT 1, WAYNE COUNTY REGISTER OF ACTIONS)**.

On July 23, 2019, Atlantic appeared in Wayne County Circuit Court, filed an answer, and asserted and could have asserted all of the contractual and non-contractual bases claimed in the counter-complaint against Docaj's here. **(EXHIBIT 3, ATLANTIC'S BRIEF AND EXHIBITS)**.

On July 26, 2019, Judge Leslie Kim Smith took the matter under advisement and reset the matter to 8/9/19. **(EXHIBIT 1).**

On August 9, 2019, the parties appeared before Judge Smith where a settlement conference was set, and the motion hearing was reset to 8/15/19. **(EXHIBIT 1).**

On September 17, 2019, Atlantic and Docaj appeared in Wayne County Circuit Court and fully argued the merit of the motion. **(EXHIBIT 1).**

On September 17, 2019, Judge Leslie Kim Smith struck Atlantic Specialty Insurance Company's lien claim and determined that Atlantic Specialty Insurance Company is primary to pay wages and medical bills, due to Great American's no-fault act coordination clause. **(EXHIBIT 4, WAYNE COUNTY CIRCUIT COURT ORDER).**

On September 18, 2019, Atlantic filed a motion to strike the entry of the circuit Court Order dated September 17, 2019. **(EXHIBIT 5, ATLANTIC MOTION TO STRIKE)**.

On November 1, 2019, Judge Smith reviewed the trial court transcript and determined that the order striking Atlantic's claim and finding Atlantic was primary to pay wage loss and medical bills to Great American's no-fault act coordination clause was accurate and did not need to be stricken. **(EXHIBIT 1 AND EXHIBIT 6, WAYNE CIRCUIT HEARING TRANSCRIPT)**.

On October 4, 2019, Judge Smith found the contents of the September 17, 2019, order was accurate and entered an order denying Atlantic's motion to strike the final

order entered. **(EXHIBIT 7, ORDER DENYING ATLANTIC'S MOTION TO STRIKE)**.

On October 9, 2019, Atlantic filed a motion for reconsideration/rehearing. **(EXHIBIT 1)**.

On November 1, 2019, Judge Smith held a hearing and denied Atlantic's motion. **(EXHIBIT 1)**.

On November 4, 2019, Judge Smith entered an order denying Atlantic's motion for reconsideration. **(EXHIBIT 8)**.

On November 25, 2019, Atlantic filed a claim of appeal, but failed to perfect the appeal. **(EXHIBIT 9)**.

On December 4, 2019, the Michigan Court of Appeal's dismissed the appeal. **(EXHIBIT 10)**. End of story.

## RULE 12(b)(6) STANDARD

In evaluating a motion to dismiss based upon F.R.C.P 12(b)(6), courts review the complaint and any documents attached to the complaint or the motion to dismiss if they are referred to in the complaint and are central to the claims. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

## ARGUMENTS

1. **Rooker Feldman Obstention.**

Here, Wayne County Circuit Court Judge Leslie Kim Smith entered a final judgment and decision that was issued against Atlantic Specialty Insurance Company, which is the thrust of Atlantic's counter-complaint and defenses in this court. The Wayne County Circuit decision is final judgment regarding Atlantic's counter-complaint claims or defenses against Docaj <u>and</u> the determination that Atlantic has <u>priority</u> over the no-fault insurance carrier, and this Court must dismiss Atlantic's counter-complaint based upon the Rooker Feldman obstention doctrine. "The threshold question in every federal case is whether the court has the judicial power to entertain the suit." *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Under *Rooker-Feldman* abstention, "**lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments**." *Lance v. Dennis*, 546

U.S. 459, 463 (2006) (per curiam) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476–82 (1983)). "A court cannot determine the source of the injury 'without reference to the plaintiff's request for relief.'" *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (citation omitted). A federal court lacks subject-matter jurisdiction when the cause of the alleged injury is the state judgment itself. *McCormick*, 451 F.3d at 393 (citation omitted). **<u>Here, Atlantic is the counter-plaintiff</u>**. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Lawrence v. Welch*, 531 F.3d 364, 368–69 (6th Cir. 2008) (citation omitted).[2] Thus, Atlantic's counter-complaint must be dismissed based upon the Rooker Feldman Obstention doctrine.

2. **<u>Res judicata and collateral estoppel bars Atlantic's countercomplaint/affirmative defenses</u>**.

Atlantic's counter-complaint is barred by res judicata and collateral estoppel. Clearly, Atlantic's countercomplaint/affirmative defenses are barred by issue preclusion. Wayne County Circuit Judge Leslie Kim Smith rendered a decision as to Atlantic's claim to the payments made to Docaj. Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a

---

[2] Docaj was harmed again when Atlantic breached the contract, after final determination that Atlantic was primary to pay wage loss benefits and medical benefits, which is why Docaj sued.

valid court determination essential to the prior judgment.'" *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)). Here, Judge Smith necessary had to decide whether Atlantic was primary to pay wage loss benefits and medical bills to strike Atlantic's lien against Docaj's no-fault settlement proceeds.³

    In Michigan, res judicata bars ***any*** subsequent action when the following elements are satisfied: "(1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was ***or could have been resolved in the first***; and (4) both actions involved the same parties ***or*** their privies." Peterson Novelties, Inc v City of Berkley, 259 Mich App 1, 10-11; 672 NW2d 351 (2003). Here, both Docaj and Atlantic are very same parties. Docaj and Atlantic are in privity of contract pursuant to the insurance contract at issue. The applicability of the doctrine of res judicata is a question of law. Pierson Sand & Gravel, Inc v Keeler Brass Co, 460 Mich 372, 379; 596 NW2d 153 (1999). ***The purposes of res judicata are to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication***. Pierson Sand & Gravel, Inc v Keeler

---

³ Docaj brought his motion to strike in Wayne County Circuit against Atlantic pursuant to MCL 500.3112, because Atlantic was claiming a right to Docaj benefits to the extent of the lien. MCL 500.3112 provides that where there is doubt regarding the proper person to receive benefits, an insurer, ***claimant***, ***or other interested person*** may *[apply] to the [circuit court] for a determination and that the court's ruling was in accordance with the statutory authority*.

Brass Co, 460 Mich 372, at 380; 596 NW2d 153 (1999); Richards, 272 Mich App at 530. Furthermore, Michigan broadly applies the doctrine of res judicata to advance its purposes. Pierson Sand & Gravel, Inc v Keeler Brass Co, 460 Mich 372, 380; 596 NW2d 153 (1999). "As a general rule, res judicata will apply to bar a subsequent *relitigation based upon the same transaction or events* . . . ." Id. Thus, under Michigan's broad approach to res judicata, the doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, [could] have raised but did not." [Adair v State, 470 Mich 105, 121; 680 NW2d 386 (2004)].[4] Therefore, for all of the reasons stated above, Atlantic's counter-complaint must be dismissed.

Atlantic's counter-complaint is premised on the claim that Atlantic is entitled to payment by Docaj, which is the same claim litigated in Wayne County Circuit court. Atlantic claim counter-complaint is also premised on the Atlantic policy that Atlantic's policy is secondary to a coordinated no-fault insurance insurance policy, which Wayne County Circuit Court Judge ruled Altantic's coordination clause was trumped by the policy sold under no-fault act. "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the

---

[4] To the extent Atlantic is asserting a new claim or defense, Atlantic could have and should have made them in Wayne County Circuit Court.

9

issue was actually and necessarily determined in that prior proceeding." Radwan v Ameriprise Ins Co, 327 Mich App 159, 166; 933 NW2d 385 (2018), quoting Rental Props. Owners Ass'n of Kent Co v Kent Co Treasurer, 308 Mich App 498, 528; 866 NW2d 817 (2014). Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. Id., quoting Rental Props Owners Ass'n of Kent Co, 308 Mich App at 529. Here, Atlantic actually litigated its insurance policy issues in Wayne County Circuit Court and Judge Smith issued a valid and final judgment. Both Docaj and Atlantic had a full and fair opportunity to litigate the issues involving the Atlantic insurance policy. Both Docaj and Atlantic are mutually estopped by decision entered by Judge Leslie Kim Smith in Wayne County Circuit Court. Thus, Atlantic's counter-complaint and affirmative defenses must be dismissed with prejudice. Atlantic should be ordered to pay Docaj wage loss benefits and medical bills, as the primary payer.

## **CONCLUSION**

For these reasons above, the Court should:

a. dismiss the complaint without leave to amend;

  b. Order Atlantic to pay wage loss and medical benefits; and

  c. Award attorney fees and costs so wrongfully incurred.

        Respectfully submitted,

        THE JOSEPH DEDVUKAJ FIRM, P.C.

      By: **/s/ Joseph Dedvukaj**
        Joseph Dedvukaj (P51335)
        Attorney for Plaintiff/Counter-Defendant
        1277 West Square Lake Road
        Bloomfield Hills, Michigan 48302
        (248) 352-2110

## CERTIFICATE OF SERVICE

I, Joseph Dedvukaj, certify that on February 11, 2020, I transmitted the foregoing document to all counsel of record via the court's e-file system.

        **/s/ Joseph Dedvukaj**