## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VITOR DOCAJ,

           Plaintiff/Counter-Defendant,

**v.**

ATLANTIC SPECIALTY INSURANCE
COMPANY and ONEBEACON
AMERICA INSURANCE COMPANY,

           Defendants/Counter-Plaintiffs.

Case No. 2:20-cv-10014-NGE-DRG
Hon. Nancy G. Edmunds
Mag. David R. Grand

_____/

## DEFENDANT/COUNTER-PLAINTIFF ATLANTIC SPECIALTY INSURANCE COMPANY 'S RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT VITOR DOCAJ'S MOTION TO DISMISS COUNTERCLAIM

Defendant/Counter-Plaintiff Atlantic Specialty Insurance Company, by its attorneys, Collins Einhorn Farrell PC, responds to Plaintiff/Counter-Defendant Vitor Docaj's motion to dismiss Atlantic Specialty's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and requests that this Court deny Plaintiff's motion based on the facts, authority and argument stated in the accompanying brief.

COLLINS EINHORN FARRELL PC

BY:    *s/ Nicole E. Wilinski*
       Nicole E. Wilinski (P61904)
       *Attorneys for Defendants*
       4000 Town Center, 9th Floor
       Southfield, MI  48075
       (248) 355-4141
       nicole.wilinski@ceflawyers.com

Dated: March 3, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VITOR DOCAJ,

              Plaintiff/Counter-Defendant,

**v.**

ATLANTIC SPECIALTY INSURANCE
COMPANY and ONEBEACON
AMERICA INSURANCE COMPANY,

              Defendants/Counter-Plaintiffs.

Case No. 2:20-cv-10014-NGE-DRG
Hon. Nancy G. Edmunds
Mag. David R. Grand

_____/

## DEFENDANT/COUNTER-PLAINTIFF ATLANTIC SPECIALTY INSURANCE COMPANY 'S BRIEF IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT VITOR DOCAJ'S <u>MOTION TO DISMISS COUNTERCLAIM</u>

## Concise Statement of the Issues Presented

1.  Does the *Rooker-Feldman* doctrine apply to preclude Atlantic Specialty's counterclaim when Atlantic Specialty wasn't a party to the prior state court action and where the state court order did not address the availability or scope of coverage under the Atlantic Specialty Policy?

2.  Given that Atlantic Specialty was not a party to the prior state court action and the availability or scope of coverage under the Atlantic Specialty Policy was not litigated in that action, do the doctrines of res judicata or collateral estoppel bar Atlantic Specialty's counterclaim?

<u>Controlling or most appropriate authority</u>

Fed. R. Civ. P. 12(b)(6)

**The Rooker-Feldman doctrine does not preclude Atlantic Specialty's counterclaim.**

*United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995)

*Gary B. v. Snyder*, 329 F. Supp. 3d 344, 358 (E.D. Mich. 2018)

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)

*Allstate Ins. Co. v. Tricare Mgmt. Activity*, 662 F. Supp. 2d 883 (W.D. Mich. 2009)

**Atlantic Specialty's counterclaim is not barred by res judicata or collateral estoppel.**

*State Farm Mut. Auto. Ins. Co. v. Hawkins*, No. 08-CV-10367-DT, 2008 WL 4104504, at *5 (E.D. Mich. Sept. 2, 2008)

*Farm Bureau Mut. Ins. Co. v. Progressive Michigan Ins. Co.*, No. 293095, 2010 WL 5019472, at *1 (Mich. Ct. App. Dec. 9, 2010)

*AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017)

## I.    Introduction

This case is about insurance coverage, which is a matter of contract. Docaj brought this action seeking to recover benefits under an occupational accident policy issued by Atlantic Specialty. Atlantic Specialty filed a compulsory counterclaim for declaratory relief as to the availability and scope of coverage provided by that policy. Docaj now moves to dismiss that counterclaim under abstention and res judicata doctrines. But, those doctrines don't apply because Atlantic Specialty was not a party to the prior state court action filed by Docaj against three no-fault insurers. Atlantic Specialty moved to intervene in the state court action, but that motion wasn't granted. The state court action was settled and the case was dismissed in May 2019. On May 29, 2019, the court entered a final order of dismissal.

Then, in July 2019, Docaj moved the state court to strike a lien claim that Atlantic Specialty had asserted to protect its interests. In September 2019, the state court entered an order granting the motion to strike Atlantic Specialty's lien. Atlantic Specialty is not seeking an appeal of that order here, it plans to appeal that order to the Michigan Court of Appeals.[1]

---

[1] Atlantic Specialty's claim of appeal was dismissed due to a procedural issue.  Because the order dismissing the lien is not a final order, Atlantic Specialty's appeal must be taken by leave, not as of right.  [ECF No. 16-11]

Atlantic Specialty has never had the opportunity to litigate the issues presented in its counterclaim – the availability and scope of coverage provided by its occupational accident policy. Abstention and res judicata principles cannot apply to a party who was not permitted to intervene in state court proceedings and whose interests were not represented in those proceedings.

Atlantic Specialty's counterclaims properly ask this Court to be the first one to address the coverage provided by Atlantic Specialty's occupational accident policy. Docaj's motion to dismiss is a legally insufficient and unsupported attempt to prohibit a full adjudication of the pending coverage dispute under the Atlantic Specialty Policy. This Court should deny Docaj's motion to dismiss Atlantic Specialty's counterclaims.

## II.   Statement of Facts and Proceedings

Plaintiff Docaj was in a motor vehicle accident on July 22, 2016. Docaj sued three no-fault automobile insurers — Allied Property & Casualty Insurance Company; American Inter-Fidelity Exchange, and Great American Assurance Company — for personal injury protection benefits as a result of that accident. That case was captioned: *Vitor Docaj v. Great American Assurance Company, et. al*., Case No. 17-007187-NF, Wayne County

2

Circuit Court ("No-Fault Action").

Docaj was also insured under a health insurance policy issued by Meridian Heath Plan of Michigan, Inc., beginning on or about January 1, 2017. Docaj filed for Social Security Disability and was determined to be disabled as of May 1, 2017, with a primary diagnosis of "depressive, bipolar and related disorders" and a secondary diagnosis of "disorders of the back (discogenic and degenerative)."

While the No-Fault Action was pending, Atlantic Specialty paid Docaj "Total Temporary Disability (TTD) Benefits" at the rate of $492.69 a week for 104 weeks (for a total of $51,239.76) without taking any allowable offsets. But, pursuant to the Atlantic Specialty Policy, Atlantic Specialty was entitled to reduce the TTD benefits paid to Docaj by the amount of the Social Security Disability Benefits Docaj received, the amount of any disability income benefits from Docaj's no-fault insurers, and the amount Docaj received as compensation for lost wages or income in settlement of the No-Fault Action.

In order to protect its rights to set-off and reimbursement under the Atlantic Specialty Policy, Atlantic Specialty moved to intervene in the No-Fault Action. Docaj and Great American Assurance Company opposed Atlantic Specialty's motion, and the Wayne County Circuit Court did not

3

permit Atlantic Specialty to intervene.

In May 2019, Docaj settled the No-Fault Action. Docaj received a substantial payment and released his no-fault carriers in return. The release provides that the settlement funds shall be used to pay off any outstanding invoices or liens of providers prior to distribution to Docaj. [Release at ECF 8-3].

On May 29, 2019, the Wayne County Circuit Court entered a final order dismissing the No-Fault Action.

After settling the No-Fault Action, Docaj did not pay the medical providers or reimburse Atlantic Specialty for paid TTD Benefits as provided for in the release.  Instead, Docaj filed a motion in the No-Fault Action to strike Atlantic Specialty's lien for reimbursement of TTD Benefits. Although Atlantic Specialty was not a party and a final order dismissing the No-Fault Action had been entered, the Wayne County Circuit Court granted the motion to strike by interlocutory order dated September 17, 2019. That order states that the motion to strike Atlantic's lien claim "is granted for the reasons stated on the record finding that Atlantic Specialty Insurance Company (OneBeacon Insurance) is primary for payment of health and accident benefits."

4

Upon entry of that order, Docaj, through his counsel, directed his medical providers to seek payment directly from Atlantic Specialty. Because of Docaj's actions, those providers are now seeking to recover incurred medical expenses totaling approximately $294,533.96, directly from Atlantic Specialty. Docaj's counsel has represented that contrary to the promises Docaj made in paragraph 10 of the release [ECF No. 8-3] none of the settlement money was used to reimburse his medical providers.

Docaj then filed this action as to the coverage provided by the Atlantic Specialty Policy. Coverage under the Atlantic Specialty Policy is subject to the specific terms, conditions, exclusions and limitations of the Policy. Even if the Atlantic Policy was deemed by the state court order to be primary to Great American's no-fault policy[2], whether or not coverage is available for Docaj's claims has not been decided. Atlantic Specialty's counterclaims seeks declaratory relief as to the Atlantic Special Policy as follows: (I) No

---

[2] Atlantic Specialty does not concede that the Atlantic Specialty Policy is primary to the Great American Policy. However, that issue is not determinative of Docaj's motion to dismiss. That is because even if the Atlantic Specialty Policy is primary to the Great American Policy, no determination has been made as to the availability or scope of coverage under the Policy for Docaj's claims. The issue of priority is not determinative of whether Docaj must reimburse Atlantic Specialty for any TTD payments that were not owed pursuant to the terms of the Policy.

Coverage – Workers Compensation or Similar Legislation; (II) No Coverage – Priority; (III) No Coverage for CTD Benefits; (IV) AME Benefits; and (V) Right to TTD Offset, Recovery, Subrogation and Reimbursement.

## III.  Standard of Review

The fundamental purpose of a pleading under the Federal Rules of Civil Procedure is to give adequate notice to the adverse party of the pleader's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. (Mich.) 1993) citing *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99, 102, 2 L.Ed 80 (1957). Motions to dismiss under Rule 12(b)(6) require the court to construe the complaint in the light most favorable to the non-moving party, accept the allegations in the complaint as true, and determine whether a party's factual allegations present plausible claims. *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer* at 638 citing *Conley* at 45-46.

## IV.  Legal Argument

Ignoring well established law and misconstruing both the activities

in the No-Fault Action and the effect of the state court order, Counterclaim Defendant has moved to dismiss Atlantic Specialty's compulsory counterclaim.  In disregard for the Local Court Rules, Docaj has failed to assert a "concise statement of the issues presented" and "controlling or most appropriate authority" in support of his motion.  Perhaps this is because the controlling authority overwhelming supports a denial of the motion and establishes as a matter of law that Atlantic Specialty's counterclaim states a claim.

### A.    The *Rooker-Feldman* doctrine does not apply to Atlantic Specialty's Counterclaim.

Docaj moves this Court to dismiss Atlantic Specialty's counterclaims "based upon the Rooker Feldman Obstention doctrine." (ECF No. 16, PageID.206). But, because Atlantic Specialty was not a party to the prior state action, the federal proceedings to do not implicate *Rooker-Felman.  Gary B. v. Snyder*, 329 F. Supp. 3d 344, 358 (E.D. Mich. 2018). And, although there may be some very minor overlap in the Wayne County Circuit Court's ruling on Docaj's motion to strike and this litigation[3], Atlantic Specialty's

_____

[3] The state court order at most holds that the Atlantic Specialty Policy is primary to the Great American Policy.  That order does not determine the availability or scope of coverage under the Atlantic Specialty Policy.  For example, if coverage is available, accident medical benefits ("AME") are limited to 104 weeks.  This means that any medical treatment or services

counterclaims seek a determination as to the availability and scope of coverage under the Atlantic Specialty Policy.   The specific relief sought by Atlantic Specialty here has not been the subject of any litigated proceedings.

The *Rooker-Feldman* doctrine "is a combination of abstention and res judicata." *Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC*, 731 F. App'x 431, 434 (6th Cir. 2018). The doctrine "deprives a [district] court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself." *Id*. "That is a 'narrow' situation, so narrow the Supreme Court has applied the doctrine just twice in nearly a century, making it applicable so far just to people named Rooker or Feldman. The Court repeatedly has chastised lower federal courts for extending the doctrine 'far beyond' its proper scope." *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 892 (6th Cir. 2020)(citation omitted).

"*Rooker/Feldman* does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court." *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 297 (6th Cir. 2005) (citation omitted). *Rooker-Feldman* only "stands for the proposition that a federal district court

---

provided to Docaj after July 22, 2018 are not covered.  Nor does the state court order address priority between the Atlantic Specialty Policy and either of the two other no-fault policies.

may not hear an appeal of a case already litigated in state court. . . ." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("Clearly, a party cannot be said to be appealing a decision by a state court when it was not a party to the case"). This Court may exercise jurisdiction as to "[a] person who was not a party in the state court action and did not have an opportunity to litigate its claims. That person must be allowed to bring an action in federal court to attempt to vindicate its perceived rights, otherwise it will have no chance to do so." *Owens*, 54 F.3d at 274.

In *Owens*, the Postal Service filed suit in federal district court to enjoin the execution of a writ of mandamus issued by the state court. The underlying plaintiff had filed the state court action to obtain the writ of mandamus. The Postal Service had moved to intervene in the state court action, but its motion was denied. The Sixth Circuit held that the *Rooker-Feldman* doctrine did not apply to the Postal Service because it was not a party to the state court action. And, the Sixth Circuit rejected the argument that because the Postal Service had notice of the state court proceedings and attempted to intervene, it had "an opportunity to raise" its concerns before the state court, such that the *Rooker* bar could apply. 54 F.3d at 274. The Sixth Circuit ruled, "*Rooker* is not a requirement that a plaintiff exhaust all

conceivable state remedies." *Id.*

In addition, *Rooker-Feldman* is confined to final judgments, not interlocutory orders. *Quality Assocs., Inc. v. The Procter & Gamble Distrib. LLC*, No. 19-3137, 2020 WL 611075, at *5 n.4 (6th Cir. Feb. 10, 2020), *citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Even as to a person who was a party to state court proceedings, *Rooker-Feldman* does not apply where the person seeks to recover damages from a state court litigant based on his own actions of unjust enrichment. *State Farm Mut. Auto. Ins. Co. v. Hawkins*, No. 08-CV-10367-DT, 2008 WL 4104504, at *5 (E.D. Mich. Sept. 2, 2008). Such claims are for "injuries caused by the defendant, not the state judgment," and therefore not barred by *Rooker-Feldman*. *Van Hoven*, 947 F.3d at 893. *Rooker-Feldman* implicates only actions caused by the state court judgment. *Kropek v. Sullivan*, 35 F. Supp. 3d 880, 888 (E.D. Mich. 2014). Where the federal court defendants' alleged misconduct led *to* the state court's judgment, *Rooker-Feldman* did not apply. *Id*. Likewise, where the federal lawsuit complains of misconduct that was not dictated in the state court's judgment; the *Rooker-Feldman* doctrine doesn't bar the claim. *Id*. at 889. *See also* C*olyer v. Traveler's Ins. Co.*, 525 F. App'x 308, 312 (6th Cir.

2013) (although plaintiff could not appeal the state court's garnishment order to the federal district court, plaintiff could bring a breach of contract claim based on the settlement agreement that became the subject of the garnishment proceedings).

Where an insurer sought reimbursement of benefits it overpaid, *Rooker-Feldman* did not bar the insurer's claims against the insured and his attorney. *Allstate Ins. Co. v. Tricare Mgmt. Activity*, 662 F. Supp. 2d 883 (W.D. Mich. 2009). There, the insured filed a coverage action against Allstate in state court. The state court ruled in the insured's favor and entered a "partial judgment" against Allstate in an amount equal to the medical bills incurred by the insured following a motorcycle accident, plus penalty attorney fees. Allstate tried to appeal the "partial judgment" to the Michigan Court of Appeals, but that court dismissed the appeal as premature in the absence of a final order. The parties then settled the state court coverage action, with the understanding that the partial judgment would be used for payment of the medical bills. Instead, the insured's attorney disbursed the settlement monies to himself and to the insured.

Eventually, Allstate filed the claim in federal court seeking reimbursement of the amounts it overpaid. The insured moved to dismiss

the federal claim under the *Rooker-Feldman* doctrine. The court denied the motion because Allstate was not claiming any injury from a state court judgment, but rather for the insured's handling of the money received under the partial judgment. The court held that *Rooker–Feldman* did not preclude jurisdiction over such a claim.

Here, *Rooker-Feldman* does not apply for numerous reasons. Atlantic Specialty was not a party to the No-Fault Action. Docaj opposed Atlantic Specialty's motion to intervene and prevented Atlantic Specialty from having the opportunity to litigate its claims. Although Atlantic Specialty was notified of and responded to Docaj's motion to strike its lien, which was after the parties had entered into a release and settlement, and after the final judgment was rendered. In addition, the September 17, 2019 order was not a final order, and thus is not subject to *Rooker-Feldman*.

Moreover, Atlantic Specialty's claims are not based on the September 17, 2019 order. Atlantic Specialty seeks a declaration as to the availability and scope of coverage under the Atlantic Specialty Policy and to recover from Docaj for his own actions of failing to pay his medical providers and to reimburse Atlantic Specialty for paid TTD Benefits as provided for in the May 1, 2019 release. Atlantic Specialty's claims are independent from any

injury due to the state court's September 17, 2019 order. Docaj's actions of directing providers to seek payment from Atlantic Specialty was not caused by the state court's order. Docaj chose that course of action, rather than paying those providers from the settlement proceeds as promised. Further, regardless of the state court order, the Atlantic Specialty Policy only provides coverage subject to its terms, conditions and exclusions. The state court order did not determine whether or to what extent coverage is available under the Atlantic Specialty Policy.

The *Rooker-Feldman* doctrine does not bar Atlantic Specialty's Counterclaim. Docja's motion to dismiss must be denied.

## B.     Res judicata and collateral estoppel do not apply to Atlantic Specialty's Counterclaim.

Docaj also argues that res judicata and collateral estoppel bar Atlantic Specialty's counterclaims. To determine whether res judicata or collateral estoppel bars a case, the Court needs to consider whether the parties to the instant action were parties to the No-Fault Action. *Hawkins*, 2008 WL 4104504, at *4. Res judicata has four elements: (1) the prior action was decided on the merits; (2) the prior judgment was a final decision; (3) the matter contested in the present action was, or could have been, resolved in the prior action; and (4) both actions involve the same parties or their privies.

13

*Ditmore v. Michalik*, 244 Mich. App. 569, 576 (2001). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682–84 (2004)(internal quotation marks omitted).

Because Atlantic Specialty was not a party to the No-Fault Action and was not given an opportunity to litigate the coverage provided by its policy, res judicata and collateral estoppel do not bar its counterclaims. The issue of priority cannot be decided in an action to which an insurer was not a party. *See Farm Bureau Mut. Ins. Co. v. Progressive Michigan Ins. Co.*, No. 293095, 2010 WL 5019472, at *1 (Mich. Ct. App. Dec. 9, 2010)("[T]he third element [of res judicata] is not satisfied. The issue of priority could not have been decided in the prior action. Progressive was not a party, so the issue of its liability with regard to the claimant could not have been litigated."). Further, here, Count II seeks a ruling as to priority between Atlantic Specialty and three no-fault carriers. While Atlantic disputes the validity of the state court order, at best it determines priority between Atlantic and Great American. It does

14

not determine priority between Atlantic and Allied Property & Casualty Insurance Company or American Inter-Fidelity Exchange, and Great American Assurance Company.

In addition, the No-Fault Action did not result in a litigated, final judgment on the merits as to Atlantic Specialty. The court entered an interlocutory order after the parties to the No-Fault Action had executed a settlement. Atlantic Specialty never had the opportunity to obtain a final judgment as to the coverage provided by its policy.

Docaj appears to argue that it was Atlantic Specialty's privy in the No-Fault Action — because "Docaj and Atlantic are in privity of contract[.]" (ECF No. 16, PageID.212). However, to be in privity for res judicata purposes "is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both [1] a substantial identity of interests and [2] a working functional relationship in which [3] the interests of the nonparty are presented and protected by the party in the litigation. *AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017). Docaj did exactly the opposite of presenting and protecting Atlantic Specialty's interests. Docaj's actions are wholly

antithetical to Atlantic Specialty's interests. The No-Fault Action did not involve Atlantic Specialty's privies.

Moreover, when Docaj opposed Atlantic Specialty's motion to intervene in the No-Fault Action, Docaj denied as untrue that Atlantic Specialty "may be bound by any judgment issued in this case in favor of Great American Assurance Company on the issue of the extent of its liability to Vitor Docaj;" and Docaj admitted that "Atlantic would have to be a party to be bound." (¶ 11).

Generally, a plaintiff is bound by admissions in his pleadings. *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 549 (6th Cir. 2000). Docaj admitted that Atlantic would not be bound by any judgment in the No-Fault Action because Atlantic Specialty was not a party. Docaj cannot now avoid this admission.

Because Atlantic Specialty was not a party to, and because its interests were not represented in, the No-Fault Action, the state court proceedings do not have any res judicata or collateral estoppel effect here.

## Conclusion

Atlantic Specialty's counterclaim states a claim upon which relief can be granted.  For the reasons detailed in this brief, Docja's motion is dismiss

is not well ground in fact or law.   Atlantic Specialty requests that the Court

deny Docaj's motion to dismiss is Counterclaim.

Respectfully submitted,

COLLINS EINHORN FARRELL PC

BY:   s/ Nicole E. Wilinski
      Nicole E. Wilinski (P61904)
      *Attorneys for Defendants*
      4000 Town Center, 9th Floor
      Southfield, MI  48075
      (248) 355-4141
      nicole.wilinski@ceflawyers.com

Dated:  March 3, 2020

**PROOF OF SERVICE**

I hereby certify that on March 3, 2020, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

COLLINS EINHORN FARRELL PC

BY:   s/ Nicole E. Wilinski
      Nicole E. Wilinski (P61904)
      *Attorneys for Defendants*
      4000 Town Center, 9th Floor
      Southfield, MI  48075
      (248) 355-4141
      nicole.wilinski@ceflawyers.com