IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VITOR DOCAJ,

    Plaintiff,

Vs.

Case#2:20-cv-10014-NGE-DRG

Hon: Nancy . Edmunds
Mag. David R. Grand

ATLANTIC SPECIALTY INSURANCE COMPANY ("Atlantic Specialty"),
and ONEBEACON AMERICA INSURANCE COMPANY,

    Defendants.

_____/

### PLAINTIFF'S REPLY BRIEF

Atlantic's brief incorrectly seems to suggest the issue of coverage and priority to pay health in accident benefits is a "minor overlap" and was not litigated in Wayne County Circuit Court. Atlantic was a party asserting a lien under the same Atlantic policy, in Wayne County Circuit Court, which necessarily required Judge Smith under MCL 500.3112 to determine whether or not the no-fault carrier (Great American) or Atlantic was primarily responsible to pay the medical bills and wage loss. ***Docaj purchased a "coordinated" PIP no-fault policy from Great American.*** Coordinated no-fault policies is are specifically allowed under MCL 500.3109a for a reduced premium. Great American's contract clearly had a "coordination and nonduplication clause" on page 4-5 of the "Michigan Personal Injury Protection" endorsement, which clearly states **(EXHIBIIT A)**:

    "**Coordination** and **Nonduplication**

1

> a. **If an "insured" is entitled to personal injury protection benefits under more than one policy, the maximum recovery under <u>all</u> policies [shall] not exceed the amount payable under the Policy providing the highest dollar limit.**
> b. **<u>No</u> person may recover <u>duplicate</u> benefits for the same expenses or loss."**

Very interesting to note, Atlantic is <u>not</u> claiming Judge Smith somehow erred in her determination. Indeed, Michigan law is clear that a <u>no-fault</u> coordination clause, which undisputedly existed in the Great American policy, trump's Atlantic's health and accident coordination clause. This Court can perform the same analysis as Judge Smith to the undisputed facts that the Great American policy was a coordinated no-fault policy, which trump's Atlantic's coordination clause. **See <u>Federal Kemper Ins Co v Health Ins Admin</u>, 424 Mich 537 (1986) and <u>Jarrad v Integon</u>, 472 Mich 207 (2005).** Atlantic is primary for health and accident benefits, since Great American's coordination clause trump's Atlantic's <u>NON-ERISA</u> coordination clause. Atlantic's medical and wage loss benefits are duplicative to the no-fault benefits so Docaj could not obtain those benefits from Great American. If Atlantic feels it has a claim against Allied Property & Casualty Insurance Company or American Inter-Fidelity Exhange should have paid Docaj benefits, then Atlantic should be suing them because Judge Smith ruled Docaj was entitled to PIP benefits from Great American, only, on a coordinated basis.

Secondly, Atlantic's brief seems to suggest that Docaj's auto insurance was worker's compensation or other similar legislation coverage. Docaj had no

worker's compensation coverage or other similar legislation coverage. Docaj only had no-fault <u>auto</u> insurance coverage, which has nothing to do with worker's compensation insurance coverage or similar kind of legislation.

Thirdly, Atlantic <u>never</u> denied Docaj's health and accident benefits because of the lack of coverage or beyond the scope of Atlantic's coverage. Atlantic simply stopped paying on the basis that the no-fault auto carrier had priority to pay medical bills and wages loss because of Atlantic's alleged coordination clause. Docaj relied on Atlantic's assertion and Judge Smith's order, which makes Atlantic primary to pay the medical bills and wage loss. Atlantic had an opportunity to argue in Wayne County Circuit Court that some of the medical bills were outside the scope of coverage, but did not. Furthermore, Atlantic continues to fail to provide any proof that any of the claimed medical bills submitted by medical providers are not covered by the Atlantic policy.

Lastly, Atlantic does not deny that Docaj and Atlantic were in "privity" of contract by virtue of the health and accident policy at issue, so res judicata applied. See Peterson Novelties, Inc v City of Berkley, 259 Mich App 1, 10-11; 672 NW2d 351 (2003). Furthermore, Atlantic has abandoned the Appeal initially taken to Judge Smith's order, which was dismissed by the Michigan Court of Appeals. Thus, Judge Smith's order is a <u>final</u> order, which this Honorable Court is bound by.

Respectfully submitted,

THE JOSEPH DEDVUKAJ FIRM, P.C.

By: **/s/ Joseph Dedvukaj**
    Joseph Dedvukaj (P51335)
    Attorney for Plaintiff
    1277 West Square Lake Road
    Bloomfield Hills, Michigan 48302
    (248) 352-2110