UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VITOR DOCAJ,

    Plaintiff/Counter-Defendant,

v.

ATLANTIC SPECIALTY
INSURANCE COMPANY,                Case No. 20-10014

    Defendant/Counter-Plaintiff,        Honorable Nancy G. Edmunds

and

ONEBEACON AMERICA
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER STAYING CASE**

Plaintiff Vitor Docaj ("Docaj") filed suit in state court against Defendants Atlantic Specialty Insurance Company ("Atlantic") and OneBeacon American Insurance Company, alleging Defendants breached an occupational health and accident insurance policy when they refused to pay him benefits to which he is entitled following an occupational motor accident and requesting a declaration as to his entitlement to benefits under the policy. (Dkt. 1-2.) After removing the suit to this Court, Atlantic filed a countercomplaint against Docaj, seeking a declaratory ruling on its rights and obligations under the same policy. (Dkt. 8.) Docaj then filed a motion to dismiss that countercomplaint. (Dkt. 16.) Docaj argued that Atlantic's claims are barred by the *Rooker-Feldman*, res judicata, and collateral estoppel doctrines as a result of a Wayne County Circuit Court order granting Docaj's motion to strike a lien claim asserted by

1

Atlantic on the settlement proceeds in a separate lawsuit between Docaj and three no-fault insurance carriers stemming from the same accident. In his reply, Docaj specifically argued that Atlantic abandoned the appeal it had initially taken of the state order, rendering it a final order. After briefing on the motion to dismiss was complete, however, Atlantic filed a notice informing the Court that it had submitted to the Michigan Court of Appeals a delayed application for leave to appeal the order granting the motion to strike. (Dkt. 24.) In that application, Atlantic requested the court of appeals vacate the trial court's order and allow the parties to adjudicate their claims in this Court. (Dkt. 24-1.) Atlantic later provided notice that on July 9, 2020, the Michigan Court of Appeals granted Atlantic's application for leave to appeal. (Dkt. 29.)

On October 2, 2020, the Court ordered Plaintiff/Counter-Defendant Docaj to show cause in writing as to why the Court should not stay this case and hold the motions before the Court[1] in abeyance pending resolution of the appeal of the state court order. (Dkt. 36.) Docaj was given notice that failure to respond to that order would result in the Court staying this case and holding the pending motions in abeyance on its own motion. Docaj did not file a response to the Court's order to show cause.

Accordingly, IT IS HEREBY ORDERED that this case shall be STAYED until the Michigan Court of Appeals has addressed the pending appeal.

---

[1] In addition to Docaj's motion to dismiss Atlantic's countercomplaint [16], pending before the Court are Atlantic's motion for summary judgment [25], Docaj's motion for leave to file a cross-motion for summary judgment [28], and Atlantic's motion to strike [33].

IT IS FURTHER ORDERED that the motions pending before the Court [16, 25, 28, 33] are HELD IN ABEYANCE pending completion of the appeal of the state court order.

The parties will inform the Court once the Michigan Court of Appeals issues its ruling.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: October 27, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager